**Firewot BIRKE, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States.**

No. 02–4249.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Aug. 1, 2003.

Decided Aug. 5, 2003.

withdrew the appeal as to that company be- fore oral argument.

Before SCIRICA, Chief Judge,
RENDELL and AMBRO, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Firewot Birke appeals a decision by the Board of Immigration Appeals ("BIA") issued on October 21, 2002, not to reopen her petition for asylum and withholding of deportation. Our jurisdiction to review final determinations of the BIA arises under 8 U.S.C. § 1252(a)(1). We will DENY the petition for review.

As we write solely for the parties, we need not detail the factual background of this appeal. Birke argues that her peti-

tion should have been reopened, and she should have been granted another hearing, because she has offered new evidence in the form of affidavits by her family confirming past persecution, and updated country reports describing recent persecution of members of her race.[1] The government contends that the affidavits do not provide new evidence, and that they could have been discovered during the original proceedings. The government also claims that the BIA was well within its discretion to find that the country reports do not provide any new evidence in support of the appellant's claim of past and future persecution.

In reviewing a denial by the BIA of a motion to reopen an immigration case, we review the board's decision for abuse of discretion. *INS v. Abudu*, 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Under this standard, we will reverse the BIA's decision only "if it is arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002). "Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (quotations omitted); *see also* 8 C.F.R. § 1003.2 (2003). Decisions to deny reopening are reviewed with deference to the Board's "broad discretion to grant or deny such motions."

---

1. Birke also argues that we should overturn the BIA's final deportation order. We will not review the final deportation order for lack of jurisdiction. The appellant did not file for judicial review within the statutory guidelines under 8 C.F.R. § 1003.2(b)(2) (2003). The section states that any petition to review a final deportation order must be filed "within 30 days" after that order is issued. The Supreme Court in *Stone v. INS*, 514 U.S. 386,

115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), clearly held that a motion for reconsideration or reopening does not toll the statutory deadline for judicial review on the merits, and the Court is without jurisdiction if the petition for review is late. *Id.* at 395, 406, 115 S.Ct. 1537. Birke's deportation order was final on April 16, 2002, but her petition for review with this court was not filed until November 20, 2002.

*Doherty,* 502 U.S. at 323, 112 S.Ct. 719. Under these circumstances, we cannot conclude that the BIA abused its discretion by denying the motion to reopen.

■ Birke offers the affidavits from family members to substantiate her claim that she was previously a victim and has a genuine fear of future persecution in Ethiopia because of her ethnic connection with an opposition party, All Amhara People's Organization ("AAPO"). All of the evidence presented in these affidavits, however, could have reasonably been discovered or made available during her original immigration hearing. In addition, the BIA concluded that the affidavits did not present any new facts, but only bolstered Birke's original testimony. Since the BIA originally found Birke's petition to be meritless based on that testimony, the BIA was well within its discretion in concluding that the affidavits did not justify the reopening of the case.

■ Birke's second category of newly submitted evidence includes various country reports from different institutions documenting the deteriorating conditions in Ethiopia concerning the Amharic people. The BIA held that the reports "failed to establish that the circumstances have changed to a degree which would merit reopening [the case]." The reports that the BIA deemed to be recent enough to be relevant stated only isolated violations against AAPO members, or mild harassment that "does not necessarily amount to persecution." *Id.* In addition, the appellant herself is not currently and has never been a member of the AAPO, and the reports do not mention violence to family members of political activists.[2] Therefore, it was once again within the discretion of

the BIA to find that the reports did not add any new material evidence to her case.

In sum, the affidavits and the reports submitted by Birke do not present any basis for reopening this case. The BIA's decision, therefore, was not arbitrary, irrational, or contrary to law. Accordingly, Birke's petition for review will be DENIED.

---

**2.** Birke's father was a member of the AAPO and was subjected to a month long detention

by government officials.